## Case No. 7,659.

### KELLEY ads. JACKSON.

[2 Paine, 440.] [1]

Circuit Court, D. New York. May Term, 1827.

EJECTMENT — PLAINTIFF'S TITLE — PLAINTIFF'S RIGHT TO HAVE GRANTORS MADE LESSORS IN SUIT.

In ejectment, in order to make persons lessors in the action, an interest or subsisting title in the premises need not be shown. It is sufficient that the circumstances of the plaintiff's case require that they should be made lessors.

This was a motion, on behalf of the defendant [Samuel Kelley], for an order to strike out from the declaration in ejectment the counts upon the demises of Thomas Cowper Hinks and three others, lessors of the plaintiff [James Jackson], on the ground that the plaintiff had no authority to use their names as lessors, and that they had no interest or subsisting title in the premises. [2]

The motion was made on an affidavit of the defendant, stating that he was informed and believed that the said lessors had, before the commencement of the suit, conveyed the premises in question by deed to John Jacob Astor; and that Theodosius Fowler, the other lessor of the plaintiff, claimed title under the said Astor; and that he was also informed and believed that the names of the said lessors of the plaintiff, except Theodosius Fowler, had been used without their knowledge or consent, and that they did not claim any title or interest in the premises. The affidavit of Theodosius Fowler was read in opposition, stating that he claimed title to the premises in question under a deed from the other lessors of the plaintiff to said Astor, and that he had been informed and believed that the defendant or his counsel had stated, as one ground of defence in this cause, that at the time of the execution of said deed the premises in question were in possession of persons claiming title adversely to the title of the said grantors; and that the counts moved to be struck out of the declaration were inserted by the advice of the deponent's counsel.

D. Webster, M. Van Buren, and S. A. Tallcott, for defendant, insisted:

That by the affidavits before the court, it appeared that the lessors whose demises were

---

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] The plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of his adversary's. Eldon v. Doe, 6 Blackf. 341; Huddleston v. Garrott, 3 Humph. 629; Winn v. Cole, Walk. [Miss.] 119. The plaintiff in ejectment must show a complete title, and identify the land in accordance therewith; and where the court instructed the jury that, in the absence of any proof of title to the land in controversy, on the part of the defendant, he had no right to complain of any adjustment between the lessor of the plaintiff and the person through whom the lessor of the plaintiff claimed as to the particular land the vendee of the lessor designed conveying, and that the land he designed conveying was in fact that which was actually conveyed, it was held erroneous. McRaven v. McGuire, 9 Smede & M. 34. A judgment for the plaintiff in ejectment, generally terminates all presumption in favor of the defendant's title, arising from prior possession. Jackson v. Tuttle, 9 Cow. 233. Possession of land by a party claiming it as his own in fee is prima facie evidence of his ownership and seizin of the inheritance. Rickard v. Williams, 7 Wheat. [20 U. S.] 59. But possession alone, unexplained by collateral circumstances, evidences no more than the mere fact of present occupation by right; the law will not presume a wrong, and a mere possession is just as consistent with a present interest under a lease for years or for life as in fee. It must depend on the collateral circumstances what is the quality and extent of the interest claimed by the party: and to that extent only will the presumption of law go in his favor. The declarations of the party while in possession, equally with his acts, must be good evidence for this purpose. If he claims only an estate for life, and that is consistent with his possession, the law will not, upon the mere fact of his possession, adjudge him to be in under a higher right or a larger estate. Id. 105, 106. If a party be in under title, and, by mistake of law, supposes himself possessed of a less estate in the lands than really belongs to him, the law will adjudge him in possession of, and remit him to his full right and title. For a mistake of law shall not in such case prejudice the right of the party, and his possession, therefore, must be held co-extensive with his right. Id. Possession ought not to be ousted without a clear title in the plaintiff, especially where it has been upheld by the state tribunals. Preston v. Bowmar, 6 Wheat. [19 U. S.] 580. Where there is an ambiguity in the title under which the plaintiff in ejectment claims, it ought not to receive the broadest construction against a party in actual possession under a legal title. Preston v. Bowmar [supra]. Actual possession is prima facie evidence of a legal title. Jackson v. Town, 4 Cow. 602. In ejectment, possession, accompanied with a claim of ownership in fee, is prima facie evidence of such an estate. In such case it is not the possession alone, but that it is accompanied with the claim of the fee, which gives this effect by construction of law to the acts of the parties. Jackson v. Porter [Case No. 7,143]. But such effect is limited to the claim actually made, and a claim of a different kind cannot afterwards be set up for the purpose of aiding the first. Id. As where one claimed a title by an Indian deed, confirmed by an agent of the British government, who could not lawfully have confirmed it; it was held, that no other deed, and no other kind of confirmation could be set up to help the possession, and that any presumption of the existence of a deed was to be confined to such a one as was originally asserted. Id. Where A. owned a patent, and B. owned another patent adjoining, and in the location under their respective patents, A., by a mistake in locating, curtailed his patent on the side of B., in consequence of which B., though he located, at first, on the true line, afterwards claimed up to A.'s location, and deeded a supposed gore between the patents; held, that A. was not concluded in action of ejectment, but might recover against one claiming a part of the supposed gore under the title of B. Jackson v. Woodruff, 1 Cow. 276. And though A. actually give conveyances of his land, according to such mistaken location, he will not be concluded in relation to any persons other than those to whom he has thus conveyed. Id. An acquiescence for a period of five years in a boundary line between two adjoining lots in a village or city, where there was no express agreement settling the line, and where the parties evidently acted under a mistake as to the true location, will

objected to had no interest in the premises at the commencement of the suit nor at this time, and that their names had been used without any authority from them. It had been often ruled in the state courts, that one could not be made a lessor unless he had a subsisting interest (Jackson v. Sclover, 10 Johns. 368; Jackson v. Richmond, 4 Johns. 483; 3 Johns. 259; 1 Cow. 156, 159; 3 Cow. 357; 1 Caines, 20; 1 Johns. Cas. 392; Cole. Cas. 102); and the cases cited establish the rule that the plaintiff is bound to go further than a statement of a probable title, and show that the lessor actually had one.

T. A. Emmett, Judge Platt, J. O. Hoffman, D. B. Ogden, and T. J. Oakley, for plaintiff, contended:

That although the general rule was, that the lessor must have a subsisting title, yet the courts had always made exceptions to it, according to the circumstances of different cases. Whenever it has been required for the attainment of justice, the rule has been relaxed. In this case, Fowler claims under Astor, the grantee of those lessors; and he states that he apprehends that the defendant means to show, that the deed to Astor was inoperative by means of an adverse possession at the time it was made. To meet this difficulty, if it should exist, justice requires that the grantors should be made lessors; for if Fowler fails to recover on his own demise, by reason of the adverse possession, a recovery may be had on the demises of the grantors. Jackson v. Vredenbergh, 1 Johns. 159; 5 Johns. 489. If there is a good reason—as there is here—to use the names of the lessors, their consent is unnecessary.

THOMPSON, Circuit Justice. The court entertain no doubt on the present application, and think it unnecessary to examine the cases cited. Without pronouncing how far this court is bound by the authority of the cases decided in the state courts, it is intended in this case to conform to those decisions. It is objected, first, that no authority is shown to use the names of the lessors; but, in our judgment, the plaintiff must necessarily have such authority. His affidavits show satisfactorily that Fowler claims title under these lessors by means of the deed to Astor. His power to use their names is derived from the

not bar the party whose lot has been encroached upon from maintaining an action of ejectment, although the other party has erected a valuable building extending beyond his lot to the erroneous line. Kip v. Norton, 12 Wend. 127. But after twelve years' acquiescence, a party who has aided in the survey, conformably to which the location is made, is bound by it; and to bind him, it is not necessary to show that with a full knowledge of the mistake, he expressly agreed to abide by the location. Jackson v. M'Connell, Id. 421. Long acquiescence in an erroneous location will authorize a jury to find that the plaintiff had agreed to a location different from that given by his deed; and whether the plaintiff knew his rights or not, such location or acquiescence will conclude him. Dibble v. Rogers, 13 Wend. 536; Rockwell v. Adams, 6 Wend. 467; M'Cormick v. Barnum, 10 Wend. 104; reversed, see Adams v. Rockwell. 16 Wend. 285. The declarations, as well as the acts of parties. are competent evidence upon the question of location. Id. The reversal in this case was on the ground of the too general application of the doctrine of acquiescence. The lands disputed were in a state of nature, and there was no other occupation of them than the occasional cutting down of trees and drawing away of timber. The question of acquiescence arising from the maintenance of a division fence, and occupation in conformity to it, cannot be determined by the judge; but must be submitted to the jury under such instructions, as to the law of the case, as the judge thinks proper to give. Bradstreet v. Pratt, 17 Wend. 44. A feme covert is not bound by the acquiescence of her husband in an erroneous line, dividing lands owned by her from adjoining lands. Id. The rule is not invariable, that a crooked fence will be regarded as a boundary fixed and acquiesced in by the owners of adjoining lands, although it has been continued for thirty years. Lamb v. Coe. 15 Wend. 642. In a dispute relative to the true line between adjoining tracts, the fact that the owner of one of them directed his agent not to sell any lands within the disputed lines. and omitted to pay taxes due on the disputed lands. are not such evidence of acquiescence as will conclude him from subsequently asserting his right to the lands. Van Wyck v. Wright, 18 Wend. 158. The doctrine of acquiescence as laid down in Adams v. Rockwell, 16 Wend. 285, reiterated and confirmed. Id. If A. convey to B., and afterwards convey or release the same land to C., who is in possession, and an action of ejectment is brought against C. on the demise of A.. and B. the plaintiff cannot recover on the demise of A., who is estopped by the subsequent deed to C.; and if the deed to B. were void, by reason of an adverse possession, he must also fail on that demise. Jackson v. Demont, 9 Johns. 55; same point, Jackson v. Wheeler, 10 Johns. 164. A patent for unimproved lands, no part of which was in the possession of any one at the time it issued, gives legal seizin and constructive possession of all the land within the survey. Peyton v. Stith, 5 Pet. [30 U S.] 485. As between the holders of general or common land-warrants, there is no priority of right to locate; this warrant is a mere authority to the proper officer to make the survey; and the certificate is the inception of title, to which the patent, when issued. relates. Chesapeake & O. Canal Co. v. Baltimore & O. R. Co., 4 Gill & J. 1. Where a plaintiff relies on a documentary proof of title, a complete title must be shown; and if a material link be wanting, his documentary proof should be excluded from the jury. Jinkins v. Noel, 3 Stew. [Ala.] 60. It is not indispensable that the plaintiff should show a perfect indefeasible estate in fee simple. to authorize a recovery against one who can establish no legal right either of property or possession. Lewis v. Goguette. 3 Stew. & P. 184. The plaintiff in ejectment relied on a judgment in partition only, and that being void, it was held, that he could not recover. in such case, his undivided share. without deducing a regular title. as if no such judgment of partition had been entered. Jackson v. Brown. 3 Johns. 459. Where the plaintiff. in an action of ejectment, commenced in 1809, showed title by a release, made in 1767 in partition, to eighteen-twentieths of the premises in question. and proved by witnesses, that all the lots in the patent so divided, with which they were acquainted, were held agreeably to that partition. and no outstanding title in the two remaining patentees appearing; held, that it might legally be inferred that the lessor had a perfect title to the whole. Doe v. Campbell, 10 Johns. 475.

deed. They would not be allowed to object to the use of their names, if they attempted to do it. The only relief the court would afford them would be to indemnify them from costs. This power results from the nature of the operation of the deed. The plaintiff could not assert his rights without using the deed. With regard to the second objection, that these lessors have no title, it is sufficient that the circumstances of the plaintiff's case require that they should be made lessors. Wherever this is the case, the state courts do not require that an interest should be shown. In ejectment, the courts always control the action so as to attain justice. We can see here no object in making these persons lessors, but to try the title fairly. It is, in almost all cases, necessary that the plaintiff should make use of the title of the grantor and grantee. Perhaps, if the defendant chooses to stipulate not to avail himself of the adverse possession, we may order the demises to be struck out. Motion denied.