## THE STATE *ex rel.* KANE V. JOHNSON, *Comptroller.*

### Division Two, June 12, 1894.

1. **City Officers:** TERM: SALARY: CONSTITUTION. A city officer appointed by the council and subject to removal by it at pleasure is not an officer within the meaning of the constitution, article 14, section 8, prohibiting the increase of the salary of an officer during his term of office.

2. ———: ———: ORDINANCE: CHARTER. An ordinance providing that the appointment of a city officer shall continue until removal for cause, is of no effect, where the city charter authorizes the appointment by the council during its pleasure.

3. ———: ———: ———: ———. An ordinance providing that such appointment shall be made by the mayor and council is repugnant to a provision of the charter that it shall be made by the common council.

4. **Constitution:** OFFICER: TERM. The constitutional provision (art. 9, sec. 14), that, except as otherwise provided in the constitution itself, no term of office shall exceed four years, does not apply to an office the term of which continues during the pleasure of the appointing power.

5. **City Officer:** INJUNCTION: RES NON JUDICATA. A city officer is not concluded by a judgment, in a suit by a taxpayer to enjoin the payment of the officer's salary, to which he was not a party, though he employed counsel to defend such suit.

### *Mandamus.*

PEREMPTORY WRIT AWARDED.

*Willard P. Hall* and *Vinton Pike* for relator.

(1) The position taken by the respondent is that the increase in the relator's salary made by the ordinance of 1893 is void because it is prohibited by section 8 of article 14 of the constitution of this state. That sec-

tion reads as follows: "The compensation or fees of no state, county, or municipal officer shall be increased during his term of office; nor shall the term of any office be extended for a longer period than that for which such officer was elected or appointed." (2) It is, of course, conceded that the relator is a public officer in the meaning of the general definition of a public officer. The relator performs public duties, and offices and functions of an important character. The question in this case is: Is the relator an officer within the meaning of that section of the constitution? *a.* No officer is included within the provisions of that section unless his office has a fixed and definite term established by law. This will not be controverted by the other side, and is made clear by the very words of the section. *b.* The relator's office is not for a fixed or definite term, but is during the pleasure of the common council of the city. 1 R. S., sec. 1434; Mechem on Public Offices, sec. 445, and cases cited in note 1; *People ex rel. v. Robb*, 27 N. E. Rep. 267; *State ex rel. v. Police Com.*, 14 Mo. App. 297, *loc. cit.* 302.

*B. R. Vineyard* for respondent.

(1) The relator is an officer of the city as contra-distinguished from a mere employee or contractor. *State ex rel. v. May*, 106 Mo. 505; *United States v. Maurice*, 2 Brock, 103; *Throop v. Langdon*, 40 Mich. 682; Cooley on Principles of Constitutional Law, 303; *State ex rel. v. Valle*, 41 Mo. 29; *Head v. Curators*, 47 Mo. 220; *Thornton v. Railroad*, 42 Mo. App. 58; *State v. Wilson*, 29 Ohio St. 347; *Shelby v. Alcorn*, 36 Miss. 289. (2) That relator is not removable from office at the pleasure or caprice of the common council, is clear from the decision of this court in *State ex rel. v. St. Louis*, 90 Mo. 19. See, also, to same effect *State v. Brice*, 7 Ohio

St. (part 2), 82; *Field v. Commonwealth*, 32 Pa. 478; *Ham v. Police Board*, 142 Mass. 90; *Mead v. Treasurer*, 36 Mich. 416. (3) Where no term is declared, the constitutional limitation of four years will fix the limit of the term. *State, etc., v. Police Com'rs*, 14 Mo. App. 308; s. c., 88 Mo. 144; *Smith v. City*, 54 Conn. 174. (4) Relator falls within the constitutional inhibition against increasing a salary during the term of the office. Const., art. 14, sec. 8. A public officer is not entitled to compensation as a matter of contract,. but as an incident to his office, and only under the provision therefor fixed by law. *Gammon v. Lafayette County*, 76 Mo. 675; *Williams v. Chariton County*, 85 Mo. 645. Relator's conduct in defending the Ransom suit concludes him in this proceeding. *Conger v. Chilcote*, 42 Iowa, 18; *Landis v. Hamilton*, 77 Mo. 554; *Strong v. Phœnix Ins. Co.*, 62 Mo. 295; *State v. Coste*, 36 Mo. 438; *Wood v. Ensel*, 63 Mo. 193; *Stoddard v. Thompson*, 31 Iowa, 80; *Hoyt v. Greene*, 33 Mo. App. 211; *Palmer v. Hayes*, 112 Ind. 289.

BURGESS, J.—On January 15, 1894, an alternative writ of mandamus issued in this cause against respondent, comptroller of St. Joseph, wherein it is alleged that "St. Joseph has been a city of the second class since April, 1885; that respondent is the comptroller of said city, and O. M. Gilmer, auditor; that the city has established a fire department, pursuant to the authority of the general law, which consists of a chief engineer, and assistant chief and sufficient men to man and operate the fire engines and other machinery and apparatus used for extinguishment of fires; that relator was appointed, by the common council of said city, chief engineer of said fire department, and has continued in that position until now; that at the time of his appointment his salary was fixed by ordinance at

$1,200 per annum, which has been gradually and periodically raised; for the year beginning April, 1893, it was raised to $2,100 per annum, payable in monthly installments of $175 by warrants drawn by the auditor on the treasury, and countersigned by the respondent comptroller; that the money is in the treasury appropriated to the payment of said salary; that at the end of each month warrants have been drawn for said salary at $175 per month by the auditor, which have been presented to the respondent for his countersignature, who refused to countersign on the ground that relator is an officer within the meaning of the constitutional prohibition against increase of official salaries during the term of an incumbent, and that relator is 'holding over' the term of his appointment made in 1886, 'whereas the relator is not an officer within the meaning of the law prohibiting increase of salary during the term of office but * * * is an employee of said city of St. Joseph, for no fixed term or stated period, but holding his position during the pleasure of the common council of said city, and is removable at their will; that the exercise of such power of appointment and removal is necessary to the maintenance of discipline, and to obtain the degree of efficiency required in said departments, and that the respondent's willful and wrongful refusal to countersign the warrants drawn as aforesaid, to pay the salary of the chief engineer aforesaid, is detrimental to the public interests, as well as a wrong to relator.' "

The passage of the ordinance before the beginning of the current fiscal year fixing relator's salary is not admitted, but the fact is stipulated for the purpose of relator's motion, and a copy of the ordinance is set forth in the stipulation on file. It is also stipulated that the city has passed ordinances appropriating out

of the general fund money to pay the salaries due to its officers and employees.

The return sets forth certain ordinances of the city relating to the qualifications of the chief engineer, and providing that he shall hold his office until removed for cause; and also an ordinance which provides that all officers of the city, unless otherwise provided by law or ordinance, shall hold their office for two years, etc. The ordinance fixing relator's salary for the years 1890 and 1892 at $1,800 per annum are also alleged and copies of them furnished in stipulation filed. Relator has moved for a peremptory writ upon the return of respondent and stipulations filed.

The relator is the chief of the fire department of the city of St. Joseph. He was duly appointed to such position in 1886, and has held it ever since. At the time of his appointment the salary was $1,200 per year, payable monthly. The salary was increased by ordinance several times during the years intervening between his appointment and April, 1893. At that time the ordinance was enacted increasing his salary from $1,800 to $2,100 per year, payable annually, and another ordinance was enacted appropriating funds to pay said increased salary.

In 1890 and 1892 the city of St. Joseph fixed the salary of the chief of the fire department at $1,800 per annum. The relator continued in office under his original appointment until July, 1893. He was then reappointed, and is now in office by virtue of said last appointment.

The respondent is comptroller of the city of St. Joseph, and it is his duty to countersign all warrants duly drawn by said city on its treasury. He refuses to countersign the warrants drawn in favor of relator for the latter's full salary, at the rate of $2,100 per year, on the following grounds:

That relator's original appointment was for a fixed term of either two or four years; that, after the expiration of said term, whether said term was for two or four years, the relator held over by virtue of his orignal appointment, and that during all that time the city had no authority to increase the relator's salary; that when the relator was appointed, in July, 1893, he was appointed, not for a new term then beginning, but to fill out a term which began in 1890, four years from his original appointment (and that this is so, whether the calculation be made on the basis of one term of four years, or of two terms of two years each) and that, therefore, from the time of the new appointment his salary was the salary in force at the beginning of the new term in 1890.

One ordinance of the city prescribed that the chief of the fire department should hold office until removed for cause in the mode provided by ordinance. Another ordinance provided that the term of all officers not otherwise fixed by law or ordinance should be for two years.

The question for determination is whether the increase in the salary of the relator made by the ordinance of 1893 is valid. Defendant's contention is, that the increase in the plaintiff's salary made by the ordinance of 1893, is void because it is prohibited by section 8 of article 14 of the constitution of this state, which reads as follows:

"The compensation or fees of no state, county, or municipal officers shall be increased during his term of office; nor shall the term of any office be extended for a longer period than that for which such officer was elected or appointed."

Counsel for relator concede in their brief that he is a public officer, within the meaning of the general definition of a public officer, and that he performs public du-

ties, and offices and functions of a public character. But they contend that he is not an officer within the meaning of the section of the constitution quoted. It will be observed that this section of the constitution only embraces within its provisions officers who are elected or appointed for some specific or definite time, and that it has no application whatever to the case in hand, when the relator's term of office is not fixed by any law or ordinance and when he simply holds at the pleasure of the appointing power. This is manifest from the fact, that it also provides that the term of office shall not be extended for a longer period than that for which such officer was elected or appointed. The relator was not elected, nor was he appointed for any definite time. There does not seem to be room for argument in regard to the proper meaning of this section, so plain is it in its construction.

Section 1434, Revised Statutes, 1889, provides that the common council may appoint and pay during their pleasure a competent number of firemen, prescribe their duties and make rules and regulations for ther government; that they shall have power to appoint a chief and assistant engineer of the fire department, and they, with the other firemen, shall take the charge and management of the engine and other apparatus provided and used for the extinguishment of fires; and their powers and duties shall be prescribed and defined by the common council, the particulars of all which shall be perscribed by ordinance. Under this statute the chief and assistant engineer are members of the fire department, as much so as are the firemen, the only difference being as to their rank, all being appointed in the same way, by the same authority and for the same common purpose and may be removed in the same way without notice or hearing. They are all, in fact, appointed at

the pleasure of the common council, and it necessarily follows that they are removable in the same way.

It is evident that that portion of section 22, article 26, of the ordinance of the city of St. Joseph, providing that the chief engineer of the fire department shall hold his office until *removed for cause*, is null and void, the city of St. Joseph having no power under its charter to impose any such condition upon the tenure of an office which, by provision of its charter, is held at the pleasure of the appointing power. The provision in the ordinance to the effect that the chief of the fire department could only be removed for cause is inconsistent with the broad and general power conferred by the charter, to appoint at pleasure, and by implication, at least, to remove in the same way.

In *Williams v. Gloucester*, 148 Mass. 256, it is held that an ordinance in the city of Boston limiting the power of removal "at pleasure" to "removal for cause" was repugnant to the statute. See, also, *Stadler v. Detroit*, 13 Mich. 346; *Vason v. Augusta*, 38 Ga. 542; *State ex rel. v. Lane*, 53 N. J. Law, 275.

Moreover, the ordinance provides that the *mayor* and council shall appoint the chief engineer, while under the charter, the appointment can only be made by the common council, the mayor having nothing whatever to do with it, and is, in this respect, also repugnant to the statute. No such power, or any part of it, could be conferred on the mayor by ordinance under the statute. 1 Dillon on Municipal Corporations, sec. 207 p. 289; *Newark v. Stout*, 52, N. J. L. 35; *Day v. Green*, 4 Cush. 433; 1 Beach on Public Corporations sec. 147. It will thus be seen that the relator held his position at the pleasure of the appointing power subject to removal at any time, unless the term of his office is fixed or limited to a certain time by some provision of

the constitution of the state.   *People ex rel. v. Robb*, 27 N. E. Rep. 267.

It is true that in *State ex rel. v. Police Com'rs*, 14 Mo. App. 308, it is said that, when no term is declared, the constitutional limitation of four years will fix the limit of the term.   But in that case the term of office was fixed by legislative enactment at four years, and what was said in regard to the constitutional limitation was merely *obiter*.   It is also said in the same case, that, "It is not disputed that the power of removal at pleasure is incidental to the power of appointing, in the absence of any inconsistent limitation in the law which created the authority to appoint."

Section 14, article 9, state constitution, is as follows: "Except as otherwise directed by this constitution, the general assembly shall provide for the election or appointment of such other county, township and municipal officers as public convenience may require; and their terms of office and duties shall be prescribed by law; but no term of office shall exceed four years."

This section simply means that when the term of office is fixed by any law or ordinance, that it shall not exceed four years, but where it is not fixed and where it may be terminated at any time at the pleasure of the appointing power, it has no application, because of the uncertain term of the office.   Now, if the common council of the city had passed an ordinance fixing the term of office of the chief engineer of the fire department at a longer period than four years, then the ordinance would have been in conflict with the constitution and void.   *People ex rel. v. Perry*, 79 Cal. 105.

As it is conceded by counsel for relator that he is an officer, the fact that the term has never been fixed, is only important in passing upon the question as to whether or not he holds at the pleasure of the appointing power.

In *People ex rel. v. Langdon*, 40 Mich. 673, the court says: "An office is a special trust or charge created by competent authority. If not merely honorary, certain duties will be connected with it, the performance of which will be the consideration for its being conferred upon a particular individual, who for the time will be the officer. The officer is distinguished from the employee in the greater importance, dignity and independence of his position; in being required to take an official oath, and perhaps to give an official bond; in the liability to be called to account as a public offender for misfeasance or nonfeasance in office, and, usually, though not necessarily, in the tenure of his position."

The fact that the common council of the city in pursuance of the provisions of section 1244, Revised Statutes, 1889, passed ordinances fixing the salaries and fees of all the officers of the city, and which also provides that the council shall not increase nor diminish the salary of any officer during his term of office, does not show, nor tend to show, that the relator does not hold his position at the pleasure of the council, nor does the fact that he was required by ordinance to take an oath and give bond for the faithful discharge of his duties.

We are, therefore, of the opinion that relator is not an officer within the meaning of the constitution and statute which prohibits the increase in the salary of any officer during his term of office.

Respondent's return also contained the following additional averments:

"For a further return this respondent says that on the third day of July, 1893, one Daniel Ransom, a taxpayer and a citizen of the said city of St. Joseph, brought suit in the circuit court of Buchanan county, Missouri, returnable to the September term thereof, for the year 1893, against said Gilmer, the auditor of said

city, and this respondent, the comptroller thereof, in behalf of himself and other citizens and taxpayers of said city similarly interested, for the purpose of restraining and enjoining said Gilmer and this respondent from issuing or signing or countersigning any warrants to said city treasurer in favor of said Kane, and the payment of his salary as such chief engineer of said fire department, in excess of twelve hundred dollars per annum or one hundred dollars per month for the fiscal year beginning in April, 1893, so long as said Kane continued to serve as such chief engineer under his appointment made to such office in May, 1886, and in his petition in said suit, set up all the facts in reference to said Kane and his services in and appointment to said office and his salary connected therewith, up to the time of beginning said suit, all as herein set forth, and said Gilmer and this defendant were duly served with process in said suit, of all which said Kane had due notice; and after said suit was brought, said Kane sought and secured in July, 1893, a reappointment to said office, and duly qualified under said new appointment, as aforesaid, by taking his official oath and giving his official bond as provided by the ordinance of said city; and when said suit came on to be heard, said Kane requested said Gilmer and this respondent to permit him, through his counsel, to defend said suit in said circuit court in their names, and said Gilmer and this respondent being willing and desirous to have the salary of said Kane settled and determined in said suit by said court having jurisdiction in charge thereof, granted said request to the relator Kane, and he, by his counsel, did appear for said Gilmer and this respondent in said suit, and filed answer therein and defended the same in their names, the said Kane, both in person and by counsel, being present in court during the whole of the trial thereof.

"And in said suit (the said Kane being given and having the right and privilege, if he had so desired, of appearing therein in name as well as fact) the said Gilmer and this respondent, by the judgment and decree rendered and entered in said cause, were perpetually enjoined and restrained from ever signing or countersigning any warrant of said city on said city treasurer, in payment for the salary of said Kane as chief engineer of said fire department in excess of one hundred dollars per month, so long as he might serve as such chief under his appointment to his said office in May, 1886, as aforesaid, which judgment and decree still stands in full force and effect."

For the purpose of the motion for the issuance of a peremptory writ the allegations in the return must be taken as true. When this is done, is the relator entitled to the writ? Is he estopped by the suit of Ransom against respondent and Gilmer?

The rule on this subject is that a matter once adjudicated by a court of competent jurisdiction may be invoked as an estoppel in any collateral suit, in any court of law or equity, or in admiralty, when the same parties or their personal representatives, or one of the parties and the privy or privies of the other allege anything contradictory to it. And "those who assume a right to control or actively participate in the trial or its management though not formal parties will be concluded." *Henry v. Woods*, 77 Mo. 277; *Stoddard v. Thompson*, 31 Iowa 80; *Strong v. Ins. Co.*, 62 Mo. 289; *Wood v. Ensel*, 63 Mo. 193; *Landis v. Hamilton*, 77 Mo. 554; *Conger v. Chilcote*, 42 Iowa, 18. In order to make an estoppel, however, the action must be between the same parties as the former suit or their privies. Parties are understood to be "All persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if

any appeal lies." 1 Greenleaf on Ev., sec. 535. Personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors or purchasers from them with notice of facts are privies. 1 Greenleaf on Ev., sec. 189.

The relator was not a party to the suit by Ransom against Johnson and Gilmer, nor could he have appealed from the judgment rendered therein. The mere fact that he employed attorneys to defend that suit, who participated in its trial and the examination of witnesses ought not to estop him from now asserting his rights, as he claims nothing by, through or under them. While relator might have become a party defendant to that, suit had he felt so inclined, he was under no obligations to do so. If the purpose of the suit was to pass upon his rights he should have been made a party. *Hope v. Mayor*, 72 Ga. 246.

*Samis v. King*, 40 Conn. 298, was a suit by injunction to restrain the payment of salary to policemen not legally appointed, brought against the clerk, auditor and treasurer of the city, but the city itself was not made a party defendant and it was held that it was not enough that the city assumed the defense of the case through its attorney; that the city was a necessary party, and that so long as it did not appear upon the record no decree could be passed against it. 2 Spelling's Extraordinary Relief, sec. 975.

Our conclusion is that the relator is entitled to his salary as increased by the city ordinance, less whatever amount he has received thereon, and that the peremptory writ should be awarded accordingly.

In an opinion filed on March 13, 1894, it was held that under the city ordinance the relator held the position of chief of the fire department *until removed for cause*, which meant at the pleasure of the city council. On motion for a rehearing our attention was called to

the case of *State ex rel. Dennison v. City of St. Louis*, 90 Mo. 19, which announces a contrary rule, and upon authority of that case the motion was sustained and a rehearing granted.    Upon a reconsideration of the questions involved we have reached the result hereinbefore indicated.    All of this division concur.