# Wilson v. Draper.

*Trover.*

(Decided November 26, 1913. 63 South. 779.)

1. *Chattel Mortgages; Priority.*—Where a mortgage on real estate
embraces the crops to be grown on the land it takes priority over a
subsequent crop mortgage executed by the mortgagor and his tenant
cultivating the property.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the un-
disputed evidence established that the judgment entered for plain-
tiff was proper, other errors in the ruling of the trial court were
rendered harmless.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

[Wilson v. Draper.]

Action by James R. Draper against John H. Wilson. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff claims for the conversion of two bales of cotton in the first count, for money had and received in the second count, and in the third count for destroying plaintiff's lien on said cotton. The mortgage referred to as being executed by Tarrant and wife to plaintiff covered certain land and certain personal property as set out in the opinion. The defendant, Wilson, claimed through a later mortgage executed by Russell and Tarrant, conveying personal property and certain rent cotton grown on the lands described in the prior mortgage. No question was raised as to the recordation of the mortgage.

HARVEY A. EMERSON, for appellant. The pleas presented a good defense to the action, and are of such matter as must be specially pleaded.—Sec. 5331, Code 1907; *Scarbrough v. Blackman,* 108 Ala. 735; *Thornton v. Dwight,* 120 Ala. 657. A demurrer to several pleadings must be good to all.—*Ala. Nat. Bank v. Halsey,* 109 Ala. 196. The court was in error in rendering the judgment rendered.—*Jordan v. Lindsey,* 132 Ala. 567; *Ballard v. Mayfield,* 107 Ala. 396; *Farrow v. Wooley, et al.,* 149 Ala. 373; *Hearst v. Bell,* 72 Ala. 337; *Patapsco G. Co. v. Mallard* 107 Ala. 777; *Abraham v. Carter,* 53 Ala. 8.

BLACKWELL & AGEE, for appellee. Plaintiff's mortgage had precedence over that of defendant or that under which he claimed, and the court properly rendered judgment for plaintiff.—*Stewart v. Fry,* 3 Ala. 573; *Jones v. Webster,* 48 Ala. 109; 23 L. R. A. 456; 27 Cyc. 1040; Jones on Mortgages, sec. 140.

WALKER, P. J.—The sole reliance of the defendant, the appellant here, for the defeat of the action against him was a crop mortgage made to him by O. M. Russell and Mont Tarrant in February, 1911. At that time Russell was the tenant of Tarrant, and the crop raised by him that year was grown on Tarrant's land. The claims of the plaintiff were based upon a subsisting recorded mortgage, which was executed by Tarrant and wife to him in December, 1910, which embraced the land subsequently rented by Russell and "all crops of whatever description that may be raised by the parties of the first part, their tenants or assigns, on the above-described premises, during the time that this mortgage is in force and effect, and until the payment of the whole amount of the indebtedness hereby secured." It is not to be doubted that this mortgage was effective upon the crop grown by Russell, and that the latter's mortgage to the defendant was subordinate to it. A mortgage of real estate embraces the crops to be grown on it when by the express terms of the mortgage such crops are brought within its scope.—*Stewart & Irwin v. Fry's Adm'rs*, 3 Ala. 573; *Alabama National Bank v. Mary Lee Coal, etc., Co.*, 108 Ala. 288, 19 South. 404; note to *Dickey v. Waldo*, 23 L. R. A. 449; 27 Cyc. 1040, 1144. Neither of the special pleas set up a state of facts under which the defendant had a right to the crop in question which was superior to that of the plaintiff under his prior recorded mortgage.

As under the undisputed evidence in the case the judgment in favor of the plaintiff was a proper one, if there was error in any of the rulings referred to in the assignment of errors, it was error without injury to the appellant.

Affirmed.