## SOUTHERN MOTORS CORPORATION v. GAYLE MOTOR CO.  (I Div. 237.)

(Supreme Court of Alabama.   April 20, 1922.)

**Judgment ⬤⇒675(I)—Judgment against buyer for claimant of title, held conclusive against seller who participated in defense in action against seller for breach of warranty of title.** *

Where the buyer of an automobile was sued for possession of an automobile by one claiming title, and notified the seller of the automobile to assist with the defense, and the seller attended the trial by counsel, who made suggestions as to the defense, the seller waived his right to have exclusive control of the defense of the action, and a judgment rendered against the buyer therein was conclusive against the seller.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by the Gayle Motor Company, a partnership, against the Southern Motors Corporation for damages for breach of warranty in the sale of an automobile. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Appellee sued appellant for damages for breach of an implied warranty of title to an automobile known as a Chandler roadster. Appellee traded a Chalmers car to the appellant for a Chandler car and $50 in cash, and subsequently traded the Chandler car to the Gray-Acree Motor Company for a Willys-Knight coupé. The Royal Auto Company sued the Gray-Acree Motor Company for the possession of the Chandler roadster, claiming title by virtue of a conditional contract of sale, and possession of said car was recovered. In turn the Gray-Acree Motor Company brought suit in detinue against appellee, and recovered possession of the Willys-Knight coupé it had traded appellee for the Chandler roadster.

Appellant had notice of the pendency of the suit of the Royal Auto Company against the Gray-Acree Motor Company, but took no part therein. Appellant also had notice of the pendency of the suit of Gray-Acree Motor Company against appellee; and the evidence tends to show that appellant encouraged this appellee to defend the case, offered to go to Mississippi to get witnesses, and appellant's secretary-treasurer was summoned and appeared as a witness in the cause, and appellant's counsel participated in the trial of the cause and defense of the suit. The judgment in that case was rendered against appellee, who surrendered to the plaintiff in that cause the property in litigation, pursuant to the judgment of the court.

It was without dispute the foundation of the cause of action of Gray-Acree Motor Company against this appellee was the failure of title of the Chandler roadster which appellee had traded to the Gray-Acree Motor Company—being the car which appellee had purchased from appellant. Appellant was notified by a member of the firm of appellee of the pendency of this suit by the Gray-Acree Company against the Gayle Motor Company the day it was brought, and conferences were had, and one of the officers of the appellant company assured them that they would do what was right. A conference was held in the office of the attorney of appellee, at which the secretary-treasurer of the appellant corporation and its counsel were present, and the line of defense was discussed, and appellee's attorney was told to go ahead and fight the suit. Appellant's attorney was present at several conferences, and discussed the policy of defense. The secretary-treasurer stated he would go to Mississippi and try to get some testimony, but no witnesses were produced by him. Said secretary and the attorney for appellant were both present at the trial. Appellant's counsel was present sitting with counsel for appellee during the entire trial, engaging in consultation, making suggestions, and made no request that the suit be turned over to him to be conducted.

The secretary-treasurer testified in the instant case that he asked appellant's counsel to consult with appellee's counsel about the cause, and that all of them discussed the policy of defending the case, saying:

"There was some discussion as to whether or not we could probably win that case, and discussion of the lines we would pursue in fighting the case.  *  *,  *  I told these gentlemen that I would try to get the witnesses from Mississippi. I told them I would send a man down to Mississippi,  *  *  *  I knew my lawyer was going down to the trial of the case.  He was down here in the interest of the Southern Motors Corporation."

, He also stated that he told appellee he would treat them right about the case if it was lost.

The records in the former proceedings were introduced.   The defendant in the present case offered evidence in regard to establishing their title, but objection was sustained. At the conclusion of all the evidence the court gave the general charge with hypothesis in favor of the plaintiff, and verdict and judgment was rendered accordingly, from which the defendant prosecutes this appeal.

R. H. McConnell, and R. H. & R. M. Smith, all of Mobile, for appellant.

A judgment against the vendee is not binding on the vendor, unless the latter has notice of the suit, coupled with the information

---

that he is called upon to come in and defend, and given an opportunity to assume the defense of it. 23 Cyc. 1260; 171 Mass. 127, 50 N. E. 464, 68 Am. St. Rep. 409; 17 R. I. 492, 23 Atl. 30, 33 Am. St. Rep. 893; 218 N. Y. 29, 112 N. E. 425, Ann. Cas. 1916E, 150; 19 Neb. 625, 28 N. W. 289; 123 Mo. 43, 27 S. W. 399; 215 U. S. 156, 30 Sup. Ct. 45, 54 L. Ed. 137; 25 Ala. 300, 60 Am. Dec. 515; 200 Ala. 187, 75 South. 935.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Under the evidence in this case appellant is concluded by the former judgment rendered. 4 Ala. 700, 39 Am. Dec. 317; 23 Ala. 644; 13 Johns. (N. Y.) 224, 7 Am. Dec. 372; 20 Okl. 837, 95 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 64, 1 Hill (S. C.) 27, 26 Am. Dec. 154; 53 Wash. 54, 101 Pac. 485, 32 L. R. A. (N. S.) 588; 24 R. C. L. § 507; 105 Kan. 643, 185 Pac. 898, 8 A. L. R. 668.

GARDNER, J. This is a suit for damages for breach of an implied warranty of title to an automobile known as a Chandler roadster. The litigation growing out of the purchase and sale of this car has previously been before this court [Gayle Motor Co. v. Gray-Acree Motor Co. (Ala. Sup.) 90 South. 334[1]], but no questions there determined are of interest upon this appeal. Appellee (plaintiff in the court below) purchased this car from the appellant. Plaintiff's vendee lost possession of the car in a litigation with the Royal Auto Company, and in turn sued the present plaintiff and recovered possession of the Willys-Knight coupé which it had received in the trade for the Chandler roadster. The foundation of this latter cause was the failure of title of the Chandler roadster which plaintiff had purchased from this defendant, and it is not controverted that the title to said roadster was the sole question of determinative importance in that litigation.

The present defendant was immediately given notice of the pendency of that suit, and asked what they proposed to do about it. Numerous conferences were had between the parties and their counsel; the policy of defense discussed; and, without entering into a detailed discussion of the evidence, we think it clearly appears from the uncontradicted proof that this defendant actively participated in the defense of that litigation in recognition of their interest on account of their liability upon the implied warranty of title. Neither defendant nor its counsel made any suggestion as to the actual control or conduct of the litigation, but, on the contrary, plaintiff was urged to defend the suit; and the testimony of the secretary-treasurer of defendant company sufficiently indicates that he considered the parties jointly inter-

[1] 206 Ala. 586.

ested in such defense, and testified that he stated to the plaintiff that he "would treat it right about the case if it was lost."

The trial court entertained the opinion that under the circumstances here shown without dispute the judgment rendered in the litigation of Gray-Acree Motor Company against the present plaintiff was conclusive against this defendant as to the invalidity of the title to the car there involved, and the subject-matter of this suit; and upon this theory the affirmative charge for the defendant with hypothesis was given.

Counsel for appellee insist that under the authorities of Harris v. Roland's Adm'r, 23 Ala. 644, and Salle v. Light's Exr., 4 Ala. 700, 39 Am. Dec. 317, notice of the pendency of the suit in the former litigation, and thus an opportunity to come in and participate in the defense of that suit, was itself sufficient without more to constitute the judgment therein rendered conclusive against this defendant. On the contrary, counsel for appellant insist that notice of the pendency of the suit alone is not sufficient, but that this appellant should also in addition to this have been requested and instructed to take charge of the defense in that litigation in such a manner as would have practically substituted it for the defendant in the management of the cause, and that as the evidence fails to show such offer, the affirmative charge was erroneously given, citing 23 Cyc. 1249–1252; Fish v. Vanderlip, 218 N. Y. 29, 112 N. E. 425, Ann. Cas. 1916E, 150; Schribar v. Platt, 19 Neb. 625, 28 N. W. 289; State v. Johnson, 123 Mo. 43, 27 S. W. 399; Rumford Chem. Wks. v. Chem. Co., 215 U. S. 156, 30 Sup. Ct. 45, 54 L. Ed. 137; Tarleton v. Johnson, 25 Ala. 300, 60 Am. Dec. 515; Wilson v. Henderson, 200 Ala. 187, 75 South. 935; Cons. Hand Mach. Co. y. Bradley, 171 Mass. 127, 50 N. E. 464, 68 Am. St. Rep. 409. These authorities have been by us examined, but none of them concern the question as to the warranty of chattels sold.

It is recognized as part of the contract of warranty that the vendor of chattel shall defend the title; in this manner the buyer has the advantage of the seller's better information, and also there is saved the necessity of trying the same title in an action against the seller; and, as said in 24 R. C. L. 233, "the notice to the seller makes him a privy to the record, and he is bound by it to the extent to which his rights have been tried and adjudged."

Under the undisputed evidence in this case we find it unnecessary to determine as to whether or not notice of the pendency of the suit alone is sufficient, or whether it is required that an offer also be made to surrender the entire control and management of the defense to the seller as a condition precedent for the binding effect of the judgment rendered. This, for the reason that, even if it should be conceded, without deciding, that

such an' offer of surrender of control was necessary, the undisputed evidence shows it was clearly waived in the instant case. The officers. and counsel of this defendant urged the defense to be made by this plaintiff; actively participated therein; made no suggestion whatever indicating the least desire to have the sole management and control of the cause. To all intents and purposes it was a joint defense.

While this direct question of waiver does not seem to have been considered in Barney v. Dewey, 13 Johns. (N. Y.) 224, 7 Am. Dec. 372, and City of Boston v. Roland Worthington, 10 Gray (Mass.) 496, 71 Am. Dec. 678, these authorities tend strongly to support the conclusion which we have here reached if, indeed, authority to that end were necessary. We are therefore of the opinion that under the circumstances here shown and the undisputed proof, the court correctly held the present defendant conclusively bound by the judgment rendered in the former litigation between this plaintiff and the Gray-Acree Motor Company, and that the affirmative charge was therefore properly given.

The judgment will therefore be affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.