(103 So. 310)

## RIEDERMANN v. STEWART.   (1 Div. 569.)

(Court of Appeals of Alabama. March 17, 1925.)

1. **Mortgages ⬤═372(4)—Person named as lessor presumed to have consented to action and to use of name as nominal plaintiff.**

Defendant in action to recover money paid on foreclosure sale made by defendant as mortgagee, who was named as lessor in ejectment action against mortgagor, is presumed, in absence of proof, to have consented to ejectment action and to use of his name as nominal plaintiff therein.

2. **Mortgages ⬤═372(4)—Purchaser on foreclosure sale entitled to use mortgagee's name in ejectment against mortgagor over mortgagee's objections.**

Purchaser on foreclosure sale, as mortgagee's grantee, could, even against mortgagee's objections, use mortgagee's name as nominal plaintiff in ejectment suit against mortgagor, by indemnity against costs.

3. **Judgment ⬤═682(3) — For mortgagor in ejectment by purchaser at foreclosure sale held conclusive against mortgagee in purchaser's action for return of price.**

Where mortgagee sold premises on foreclosure and procured purchaser to bring ejectment against mortgagor, who defended on ground that mortgage debt had been paid, judgment therein, finding that debt had been paid, was conclusive on mortgagee in purchaser's action to recover payment to mortgagee.

4. **Appeal and error ⬤═695(2)—Giving of general affirmative charge held not reviewable, where bill of exceptions recited introduction of papers not contained therein.**

Where bill of exceptions recited introduction of court papers in prior ejectment suit, some of which were omitted therefrom, Court of Appeals could not review giving of general affirmative charge, notwithstanding recital that bill of exceptions contained all the evidence.

5. **Appeal and error ⬤═843(3)—Not necessary to review assignments of error, where general affirmative charge was properly given.**

Where general affirmative charge was properly given, it was unnecessary to review assignments of error on rulings as to admissibility of evidence.

6. **Evidence ⬤═471(2)—Question whether mortgagee was party to ejectment action against mortgagor held to call for conclusion.**

Where mortgagee sold premises on foreclosure, question asked mortgagee whether he was party to purchaser's ejectment action against mortgagor *held* to call for conclusion.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action in assumpsit by Alexander L. Stewart against Henry Riedermann. Judgment for plaintiff, and defendant appeals. Affirmed.

Gordon & Edington, of Mobile, for appellant.

Defendant should have been permitted to testify whether he was a party litigant to the ejectment suit. Smiley v. Hooper, 147 Ala. 646, 41 So. 660. Affirmative instruction was erroneously given for plaintiff. Beall Bros. v. Johnstone & Hammond, 140 Ala. 339, 37 So. 297; Mobile L. & R. Co. v. Thomas, 16 Ala. App. 629, 80 So. 693. The burden was on plaintiff to show the mortgage debt was paid. Bufford v. Raney, 122 Ala. 569, 26 So. 120.

Harry T. Smith & Caffey, of Mobile, for appellee.

The defendant, named as one of the lessors, was a party to the ejectment suit. Perolio v. Woodward Iron Co., 197 Ala. 560, 73 So. 197; Etowah Min. Co. v. Carlisle, 127 Ala. 663, 29 So. 7; Hamilton v. Wright, 37 N. Y. 502. The grantee has the right to use the name of his grantor in ejectment. Kelly v. Jackson, 14 Fed. Cas. 244, No. 7,659; Coogler v. Rogers, 25 Fla. 853, 7 So. 391; Stringfellow v. T. C. I. Co., 117 Ala. 250, 22 So. 997. If the grantee objected to the use of his name, he could only ask indemnity against costs. Fain v. Garthright, 5 Ga. 6. Defendant being a party to the suit, or having counseled its institution was bound by the judgment in ejectment. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L. R. A. 617; Coleman v. Stewart, 170 Ala. 255, 53 So. 1020; Lyons v. Stickney, 170 Ala. 134, 54 So. 496; · Hale v. Chandler, 180 Ala. 391, 61 So. 885; Wilson v. Henderson, 200 Ala. 187, 75 So. 935; Edwards v. Beard, 211 Ala. 251, 100 So. 101; South. Motors Co. v. Gayle Motor Car Co., 207 Ala. 358, 92 So. 784; Salle v. Light's Ex'rs, 4 Ala. 700, 39 Am. Dec. 317. Where the bill of exceptions omits documentary evidence, the giving or refusal of the affirmative charge will not be reviewed. A. T. R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Warble v. Sulzberger, 185 Ala. 603, 64 So. 361; Fayet v. St. L. & S. F., 203 Ala. 3, 81 So. 671; Schmidt v. M. L. & R. Co., 204 Ala. 694, 87 So. 181.

SAMFORD, J. The suit in this case arises out of the following state of facts:

Ben and Mary Harris executed a mortgage on certain land to the appellant, Henry Riedermann. Riedermann, in a conversation with the appellee, stated that the mortgagors were in default, and suggested the purchase of the property by the appellee, who lived near by. Subsequently Riedermann caused a notice to

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be published, which stated that the mortgage was in default and that it would be foreclosed under the powers therein contained. At this sale the appellee was the highest bidder, his bid being $350, which he paid. The appellant thereupon gave him a deed which recited the sale of this property to him for $350, and which further recited that:

"I, said Henry Riedermann, have sold and do hereby sell and convey unto the said A. L. Stewart, all the right, title, interest, and estate which said Benjamin and Mary Harris at the time of such sale had in, to, and out of all and singular the property described in said mortgage,"

—specifically describing said property. The deed takes the form of a statutory warranty, and also purports to convey all of the right, title, and interest which Benjamin and Mary Harris at the time of the sale had in this property.

After this deed was given, the appellee demanded possession of the property, and Ben Harris refused to deliver possession, whereupon the appellee went to the appellant, Riedermann, and reported this fact. Riedermann replied that Ben did not seem to realize that he was like Esau, and had sold his birthright, and shortly after this time he and Stewart came to Mobile for the purpose of taking legal steps to recover possession of the property. They went to the office of Riedermann's son-in-law, one Sutton, and he advised employment of Messrs. Sullivan & Stallworth to sue for and recover the property. Stewart, following this recommendation, went to the office of Messrs. Sullivan & Stallworth, and they were employed to file suit to recover possession of the property from Ben Harris. Riedermann knew that the suit was to be filed, and, as his testimony shows, counseled and advised the filing of the suit.

The suit filed was common-law ejectment for the recovery of the property. Ben Harris filed a plea of payment of the mortgage debt prior to the foreclosure, and the case was defended solely on the theory that the mortgage debt had been paid before the mortgage was foreclosed. The jury returned a verdict for the defendant. After this unsuccessful suit to recover possession of the land, the plaintiff demanded his money back, and the defendant refused to reimburse him, whereupon the plaintiff filed suit against the defendant to recover the money which he had paid in on his bid at the foreclosure sale.

[1, 2] The defendant in this suit was named as one of the lessors in the common-law action of ejectment brought for the recovery of the land bought by this plaintiff at the foreclosure sale, and for which he held this defendant's statutory warranty deed, conveying the title of the mortgagees in possession, and one of the demises of the land was laid in this defendant. The defendant, therefore, in the absence of any proof, is presumed to have consented to the action, and to

20 ALA.APP.—33

the use of his name as a nominal plaintiff. Perolio et al. v. Woodward I. Co., 197 Ala. 560, 73 So. 197. Even against the objection of defendant, we think this plaintiff, as his grantee under the foreclosure deed, could have used the name of defendant in the ejectment suit, by an indemnity against costs. Kelley v. Jackson, Fed. Cas. No. 7659, 14 Fed. Cas. 244.

[3] But in this case we are not left to presumptions alone. Under the evidence, not denied, the defendant here advised and procured the bringing of the ejectment suit, and whether he actually in so many words authorized the bringing of the suit in his name does not matter. The title of this plaintiff to the land was dependent upon a debt claimed to be due the defendant under a mortgage, which he had advertised as being in default. The plaintiff had been led to believe by representations of defendant that the debt was due and in default. The common-law ejectment, instigated at least by defendant, was broad enough in its issues to test that question, and according to the evidence was tested and found against the defendant. Under any phase of the evidence the defendant was to all intents and purposes a real party to the action in ejectment. Being a party, or privy, to the action in ejectment, and the issues in the ejectment suit being broad enough to cover the question as to whether anything was due on the mortgage, under which the land was advertised for foreclosure, and the suit at bar being a collateral proceeding, the defendant is bound by the judgment in the ejectment suit, and as to the question of payment of the mortgage debt is, in this suit, conclusive as between the plaintiff and this defendant. Carlisle v. Killebrow, 89 Ala. 329–333, 6 So. 756, 6 L. R. A. 617; Coleman v. Stewart, 170 Ala. 255, 53 So. 1020; Lyons v. Stickney, 170 Ala. 134, 54 So. 496; Shumake v. Helms, 25 Ala. 126; 9 R. C. L. p. 927.

[4] The defendant in this suit being concluded as to the payment of the mortgage, under which he proceeded to a foreclosure, and under which foreclosure sale the plaintiff here paid him money, to which defendant was not entitled, the plaintiff was entitled to the general affirmative instruction, both as to a recovery and the amount. Moreover, the bill of exceptions recites the introduction in evidence of certain court papers in the prior suit in ejectment. Some of these are omitted from the bill of exceptions. Where this is the case, notwithstanding the formal recitals that the bill of exceptions contains all the evidence adduced on the trial, under the decisions of the Supreme Court, this court cannot review the action of the trial court in giving the affirmative charge, as requested in writing by the plaintiff. Warble v. Sulberger Co., 185 Ala. 603, 64 So. 361; Ala. Ter. R. R. v. Benns, 189 Ala. 590, 66 So. 589.

[5] Where it appears that the general af-

firmative charge was properly given for the plaintiff, it becomes unnecessary to pass upon the numerous assignments of error, based upon the court's ruling and on the admissibility of evidence. Sov. Camp, W. O. W., v. Alford, 210 Ala. 378, 98 So. 130; Wilson v. Draper, 9 Ala. App. 585, 63 So. 779.

[6] It appears without conflict in this case that the defendant had full knowledge of and consented to and counseled the bringing of the suit in ejectment for the possession of the property described in the mortgage foreclosed by defendant, and under which this plaintiff claimed title in the ejectment suit. It would therefore have been immaterial evidence as to whether he actually consented to the use of his name as a party plaintiff. Furthermore, the question asked as to whether he was a party litigant in the ejectment suit called for a conclusion. Edwards v. Beard, 211 Ala. 251, 100 So. 101, 103, 104; Southern Motors Corp. v. Gayle M. Co., 207 Ala. 358, 92 So. 784.

We find no error prejudicial to appellant and the judgment is affirmed.

Affirmed.