MELTON HARDWARE COMPANY ET AL. *v.* ELIZABETH G. HEIDELBERG.

[44 South. 857.]

1. EVIDENCE. *Pleadings. Waiver of objection to testimony. Garnishment. Answer. Traverse.*

The admission of testimony on the trial of an issue, made by a traverse of a garnishee's answer denying liability, will not warrant the reversal of a judgment in the garnishee's favor on the ground that the pleadings did not warrant its introduction, if such objection were not made in the trial court.

2. GARNISHMENT. *Set-off. Pleadings.*

The technical rules of set-off in ordinary litigation are not applicable in garnishment proceedings, where the purpose is to determine what, if anything, the garnishee may owe the defendant.

3. APPEAL. *Review. Harmless error.*

Where no other result than that which was reached could possibly

be proper on the testimony, errors in instructions or otherwise are not grounds for reversal.

FROM the Circuit Court of Lauderdale County.

HON. ROBERT F. COCHRAN, Judge.

The Melton Hardware Company and others, appellants, were the respective plaintiffs in three separate suits in the court below; one Pool was the defendant and Mrs. Heidelberg, appellee, garnishee in each of them. From a judgment in favor of Mrs. Heidelberg on a traverse by the respective plaintiffs of her separate answers as garnishee, the plaintiffs appealed to the supreme court.

The appellee, Mrs. Heidelberg, entered into a contract with one Pool, for the construction by him of a dwelling house, the contract price being $6,300. Pool was to furnish the material and all necessaries for the construction and equipment of the house except the plumbing, lighting and heating apparatus, and was to be paid as the work progressed in instalments, not to exceed eightly per centum of the value of labor and materials in the building, upon certificate of the architect. The final payment to Pool was to be made within ten days after the house was fully completed. Mrs. Heidelberg in addition contracted orally with Pool for the repairing and painting of another house owned by her and for extra work on the house first above mentioned. Pool repaired and painted the other house, but before finishing the dwelling house, left for parts unknown. At the time of his departure he was indebted to each of the appellants, the Melton Hardware Company, the Meridian Plumbing Company and Wash Drinkwater, who severally sued out attachments against him. A writ of garnishment was issued in each case and served on Mrs. Heidelberg requiring her to answer touching the state of her accounts with Pool. She answered in each of the cases denying indebtedness. At a subsequent term of the court, Pool appeared, confessed judgments in each of the cases both on the attachment issue and his indebtedness to the respective plaintiffs. The answer of the

garnishee, Mrs. Heidelberg, was, in each case, traversed by the plaintiff; and defendant Pool, undertaking to traverse the answer in each case, moved the court to consolidate the three cases. Pool's traverse was stricken from the files because out of time, but the three cases were consolidated. On the trial of the traverse of her answer, Mrs. Heidelberg, the garnishee, showed that she had paid Pool $5,000 on the contract price of $6,300, and that he had not complied with his contract; that it would take $2,000 more to complete the dwelling house in accordance with. the contract, and that the $1,300 of the contract price, in her hands would be insufficient to cover her damage on account of Pool's breach of his written contract; that her indebtedness, in any event, to Pool under the oral contracts for repairing and painting another house and extras on the dwelling was less than $700, the difference between the $1,300, above mentioned, and $2,000, the sum necessary to complete the dwelling house.

*Neville & Wilbourn,* for appellants.

A garnishee must specially plead a set-off in his answer, and if he contents himself with a general denial of indebtedness, he will not be permitted to prove matter of set-off on the trial of an issue thereon. *Kling* v. *Tunstall,* 109 Ala., 608; 19 South., 907; 8 Am. & Eng. Ency. Law (1st ed.), p. 1213, par. A., note 9. A claim for unliquidated damages cannot be pleaded as a set-off. *Whitaker* v. *Robinson,* 8 Smed. & M., 349; *Cooper* v. *Thigpen,* 48 Miss., 635. A garnishee cannot set up a defense which would not be available against the creditor. 8 Am. & Eng. Ency. Law (1st ed.), 1212.

A substantial performance of a building contract is all that is required. *Woodward* v. *Fuller,* 80 N. Y., 312; *Leggett v. Smith,* 27 Am. Dec., 358; *Heckman* . v. *Pinckney,* 81 N. Y., 211; *Nolan* v. *Whitney,* 88 N. Y., 648; 2 Sutherland on Damages, 515. Where the builder has failed to do the work strictly according to the contract, the owner is entitled to recover such damages as will enable him to get the work done according to the

contract.   2 Sutherland on Damages, 517; 6 Cyc., 110; *Leggett* v. *Smith,* 27 Am. Dec., 358.

Although Pool and Mrs. Heidelberg entered into several contracts, viz., to build the house, to do extra work on the house, to paint another house, and to make repairs on this latter house, no payments were made on any of these contracts except the one to build the house first mentioned.   It is thus evident that Mrs. Heidelberg was indebted to Pool at the time of service of the respective writs of garnishment of the different appellants upon her.

In reply to our contention that it is necessary for a garnishee to specially plead a set-off, learned counsel for appellee merely refer to Code 1906, §§ 2338, 2339, 2340 and 2342. These Code sections are not applicable here.   Code 1906, § 2342, sets out those things to which the garnishee shall make answer.   The section of the Alabama Code relative to the answer to be filed by the garnishee is in effect the same as our Code 1906, § 2342.   Yet the Alabama Supreme Court, in the case of *Kling* v. *Tunstall,* 109 Ala., 608; 19 South., 907, held that the garnishee must specially plead an offset.   And see Code 1906, § 745, prescribing that a set-off must be pleaded.

*Amis & Dunn,* and *S. M. Houston,* on the same side.

Code 1906, § 2354, provides: " The defendant may contest, in writing, the answer of the garnishee, and may allege that the garnishee is indebted unto him in a larger sum than he has admitted, or that he holds property of his not admitted by the answer, and shall specify in what particular the answer is untrue or defective; and thereupon an issue shall be made up and tried; but the plaintiff may take judgment for the sum admitted by the garnishee, or for the condemnation of the property admitted to be in his hands, notwithstanding the contest."   We are unable to understand the meaning of this statute, unless it authorizes just such contest as was filed in this case.   The answer of the garnishee was a negative one; it had not been filed

by the first day of the return term of the writ of garnishment, but was filed during the term. The defendant, Pool, was not in court. At the next term of the court he voluntarily appeared and then and there filed a traverse or contest of the answer. The statute above quoted does not require that the traverse be filed at the term of court to which the garnishment is returnable, nor does it provide that the issue shall be made up at the return term.

The undisputed testimony showed that there was extra work done by Pool for the appellee, Mrs. Heidelberg, on a different house from that described in the contract, as well as extra work done on the building, as provided for by the contract, for which extra work she had not paid. It follows, therefore, from the evidence, that, without regard to whether Mrs. Heidelberg owed Pool anything on account of the building provided for in the contract, she owed him for the extras. Her answer simply denied indebtedness in any sum. But, on the trial of the issue made up by the answer and traverse of the answer, she introduced testimony in an attempt to show that the damages which she had sustained in consequence of Pool's alleged default in the performance of the building contract exceeded the value of the extra work done by him, not only on the building provided for by the terms of the contract, but also on the other building.

This was not allowable: first, because there was no properly pleaded set-off; second, such defense was not applicable under the rule of recoupment, because the contract for extras was separate from and independent of the building contract; third, because in the attempt to show damages, she utterly failed to show the value of what she had received, and even if it had been competent for such defense to have been made, the testimony offered by her left the jury wholly at sea in determining the measure of damages which she had sustained.

*Miller & Baskin,* for appellee.

Opposing counsel are mistaken in their idea that the gar-

nishee, Mrs. Heidelberg, could only avail of the defense set up by her by specially pleading the same as a set-off. The proceedings in this case are based on Code 1906, § 2338, authorizing the writ of garnishment to be issued in behalf of creditors; Code 1906, §§ 2339, 2340 prescribing the form of writ and Code 1906, § 2342, giving direction as to the pleadings to be filed by the garnishee. The garnishee has literally followed the statute, and has thus adopted the only pleading prescribed, under which she made a full defense. There is no other pleading known to the statute law, applicable to this case, and this ought to end controversy since, in this state, garnishment proceedings are prescribed by statute.

The failure of Pool to complete the work in a workmanlike manner precluded a right of recovery on his behalf. *Morford v. Mastin,* 12 Am. Dec., 168; *Cullen v. Sears,* 112 Mass., 308; *Hartman v. Meighan,* 171 Pa. St., 46; *Homer v. Shaw,* 177 Mass., 1.

The authorities require good faith in attempting to perform contracts such as the one between Mrs. Heidelberg and Pool, and the omission as to any part of the contract's requirements must be unintentional in some trifling detail in order to enable the builder to recover thereon. The creditors of Pool stand in like position. *Elliott v. Caldwell,* 9 L. A. R., 52; *Danforth v. Freeman,* 69 N. H., 466.

While there may be decisions of other courts declaring that substantial compliance with a contract is sufficient, such doctrine cannot apply here for the reason that the omission or departure from the contract by Pool was not unintentional. The facts do not show a *bona fide* attempt on his part to perform the contract. It is not shown that the variations from the contract were trifling in detail. The doctrine of substantial compliance is at variance with the laws of Mississippi, as clearly set forth in *Timberlake v. Thayer,* 71 Miss., 281.

The evidence shows overwhelmingly that, to make the house conform with the plans and specifications, Mrs. Heidelberg will

have to pay out at least $2,000.   The contract price was $6,300, of which amount she has already paid Pool $5,000.   The balance of $1,300, instead of being applied in payment on the debts of Pool to his attaching creditors must be held by Mrs. Heidelberg for use in completing her building.   The court will see that instead of Mrs. Heidelberg being indebted to Pool in the sum of $1,300, he is indebted to her in the sum of $2,000; and after her application of the $1,300 thereon he will still owe her a balance of $700.

WHITFIELD, C. J., delivered the opinion of the court.

The contention most earnestly insisted on by the appellants in this case is that the appellee did not specially plead as an offset the amount which it would have taken to correct the defects in the building and make it conform to the plans and specifications.   These appellants obtained judgment against the house builder, Pool, and then had garnishment process served on the appellee under our statute (§ 2337 *et seq.*).   See chapter on "Garnishment," Code of 1906.   Garnishee answered, strictly in conformity with the statutory direction (§ 2342). The usual traverse was filed, and on the issue thus framed, of debt or no debt on the part of the appellee to the contractor, the cause was tried.   The evidence in the case showed overwhelmingly that it would take $2,000 to make the house, for the building of which appellee was to pay Pool $6,300, to conform to the plans and specifications.   This is the great fact, standing out like a mountain in the landscape in this case.   The appellee had paid Pool $5,000, and would only be due him $1,300 on the contract price, and that would be $700 less than her damage and that $700 of damage over and above the whole contract price for this house exceeded by several hundred dollars any amount which the appellee owed Pool for repairs, etc., on the other house, as to which there was an oral contract for repairs, etc.

In the course of the trial the appellee put on the stand Logan,

a house builder, and he proved, abundantly, that it would require the amount of $2,000 to make her whole on the new building. No objection whatever was interposed by appellants to this testimony of Logan, showing the facts that the building was not constructed in a workmanlike manner and that the damage resulting therefrom was at least $2,000. When witness McArthur was examined, there was an objection to some questions about this damage; but they were manifestly not based upon the ground that there was no special plea of an offset under which they would be competent. In order to avoid the mere general objection, counsel for appellee reframed the question so as to ask, not what it would cost to take off the plastering and put on other plastering, but what it would cost to take off the plastering and replaster the house according to the plans and specifications of this particular contract; and this question as thus framed was objected to as leading. If it had been the purpose to object to McArthur's testimony as to the amount it would take to make the house conform to the plans and specifications on the specific ground that the appellee had not specially pleaded as an offset such damage or such amount, that specific objection should have been made, that the court might act upon it intelligently. No objection whatever was made to Logan's testimony on the same point, and it is therefore clear that counsel never objected in the court below to the evidence showing the damage on the ground that no offset had been pleaded, under which, alone, such evidence could have been introduced as appellant claimed. If, therefore, counsel were right in the abstract in saying that the appellee should have pleaded specially as an offset the amount it would have taken to make the house conform to the contract, we think it clear that they waived the right to make such objection by the course which the trial took and the failure to specifically object.

This principle is expressly laid down in *Kling* v. *Tunstall,* 109 Ala., 608; 19 South., 907, one of the authorities mainly relied on by the learned counsel for appellants. The authority

generally cited to support this contention is 14 Am. & Eng.
Ency. of Law (2 ed.) p. 846, note 3, where it is said: "The
defense of set-off must be specially pleaded or claimed by the
garnishee.   It is not as a rule available under a general denial
of the indebtedness "— citing the above cases and two or three
others, but concluding with this: "See, however, *Howe* v.
*Hyer,* 36 Fla., 12; 17 South., 925; *Ashby* v. *Watson,* 9 Mo.,
236; *Hubbard* v. *Fisher,* 25 Vt., 539, per Redfield, C. J." In
the *Florida case, Howe* v. *Hyer,* the court said: "Another
point urged is that the garnishee should not have the benefit of
the defense of a set-off, because he did not specially plead such
defense, but only pleaded the statutory answer; *i.e.,* a general·
denial of the indebtedness to the defendant and of the posses-
sion of goods, etc., belonging to him.   The proceeding was
purely statutory.   The statute under which the ·trial was had
provides that, when such answer is traversed, ' the court shall
direct, without the formality of pleading, a jury to be impan-
eled   .   .   .   to inquire what is the true amount ·due from
such garnishee to the defendant,' etc.   We do not think, under
such statute, a set-off need be formally pleaded in order to be
available as a defense; but under such issue the court should
allow any legal and proper evidence and defense that would
show the true amount due from the garnishee to the defend-
ant."   At page 833 of 14 Am. & Eng. Ency. of Law, it is said:
" It is a well-recognized general rule that the extent of the lia-
bility of the garnishee to the plaintiff is fixed by the former's
liability to the defendant.   The garnishee is not to be placed
in a worse position by operation of the proceeding against him
than he would have been in had ·the defendant's claim been en-
forced against him directly.   The rights of the plaintiff do not
rise above or extend beyond those of the defendant, in whose
shoes he stands, and he can assert only the rights of the latter."
This is the fundamental principle which must control here.

These appellants take nothing by their writ, unless the appel-
lee owed something — was indebted in some sum to Pool, the

house builder.    That was the determining issue, and on that it is manifest from this testimony that she owed Pool nothing, but that he rather was in her debt by reason of the excess of the amount it would take to conform the house to the plans and specifications over the balance of the contract price unpaid by her.    We think that, whilst our statute does not contain the precise language of the statute referred to in the *Florida case* substantially, the provisions are identical.    The issue to be tried is exactly the same, and the answer of the garnishee is prescribed.    We do not think that the technical rules of set-off in ordinary litigation are applicable under this statutory proceeding, where the sole purpose is to ascertain what the garnishee may owe the defendant.    But, whether they are so applicable or not, as stated above, the failure so to specially plead was waived by the course of the trial.

Without protracting this opinion, it is only necessary to add that, whatever minor errors may exist as to the instructions or otherwise, no other result than that which was reached in this case could possibly be proper on the testimony in this record.

*Wherefore the judgment is affirmed.*