**SOVEREIGN CAMP, W. O. W., v. ALFORD et al. (3 Div. 574.)**

(Supreme Court of Alabama. June 9, 1923. Rehearing Denied Dec. 6, 1923.)

1. **Insurance ⊜⇒755(1)—Insurer's right to contest liability on benefit certificate held concluded by incontestable clause.**

Where a benefit certificate, issued in 1895, contained a clause providing that the certificate should be incontestable "after one year from date hereof, provided the Sovereign to whom issued has complied with all the requirements hereon," a ground of forfeiture existing in April, 1914, was not available to insurer, where the member continued thereafter to make the payments required and died while in good standing in 1919.

2. **Insurance ⊜⇒815(3)—Rejoinder setting up amendment of incontestable clause must show amendment retroactive.**

Where insurer's plea that deceased was suspended was negatived by the replication setting out a one-year incontestable clause in the certificate, a rejoinder that at the time of deceased's suspension the certificate had been amended by changing insurer's constitution, which was a part of the certificate, by extending the incontestable period to five years, *held* subject to demurrer as not alleging that the amendment was intended to have retroactive effect.

3. **Appeal and error ⊜⇒1029—Rulings if erroneous could not be prejudicial, where party could not recover.**

Where it was proper to give a general affirmative charge in favor of plaintiffs, other rulings assigned for error could not have been prejudicial to defendant.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on policy or certificate of life insurance by Will Alford, Cora Cook, and Albert A. Alford against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiffs, defendant appeals. Affirmed.

Counts 4 and 6 of the complaint, upon which the cause was tried, are as follows:

"4. Plaintiff claims of the defendant $3,000, with interest thereon, for that the defendant is a fraternal beneficiary association, issuing policies or certificates of insurance; that on

to wit, April 28, 1895, the defendant issued a policy or certificate of insurance upon the life of L. H. Alford; that on, to wit, December 5, 1912, and on, to wit, August 31, 1914, and on, to wit, June 12, 1917, and on, to wit, March 21, 1919, the defendant issued new policies or certificates upon the life of said L. H. Alford, each one of which in lieu of and carried all rights under the former policies or certificates upon the life of said L. H. Alford; that by terms of said policy or certificate as last amended, the defendant agreed to pay to the plaintiffs, who were the said L. H. Alford's sons and daughter, the sum of $3,000 in cash on the death of the said L. H. Alford, after the second year of his membership while in good standing. Plaintiffs aver that the said L. H. Alford died on, to wit, the 7th day of April, 1919, while such member and while in good standing, and after the second year of his membership, of which defendant has had notice."

"6. Plaintiffs claim of the defendant $3,000, with interest thereon, for that the defendant is a fraternal beneficiary association, issuing policies or certificates of insurance on the lives of its members; that on, to wit. April 24, 1895, the defendant issued a policy or certificate of insurance upon the life of L. H. Alford, who was at that time a member of such association, wherein the defendant agreed to pay to beneficiary therein named the sum of $3,000 in case of the death of the said L. H. Alford after the second year of his membership, while in good standing. Plaintiffs aver that the beneficiaries therein named were by and with the consent of defendant and at the request of said L. H. Alford changed from time to time and, on, to wit, March 21, 1919, by and with the consent of the defendant and at the request of said L. H. Alford, plaintiffs were named as beneficiaries therein. Plaintiffs aver that said L. H. Alford died on, to wit, the 7th day of April, 1919, while such member was in good standing, and after the second year of his membership, of which defendant has had notice."

C. H. Roquemore, of Montgomery, for appellant.

The insured failed to deliver to the clerk a written statement and warranty as to good health when he paid the money in an attempt to reinstate himself. Plaintiffs' replication, alleging a waiver of the condition, was not proved, and defendant was entitled to the affirmative charge. Sov. Camp v. Allen, 206 Ala. 41, 89 South. 58; Sov. Camp v. Eastis, 206 Ala. 49, 89 South. 63; Woodmen of the World v. Maynor, 206 Ala. 176, 89 South. 750; Sov. Camp v. Tucker, 206 Ala. 562, 90 South. 801; Hardy v. Sov. Camp, 17 Ala. App. 53, 81 South. 690.

Hill, Hill, Whiting & Thomas and L. A. Sanderson, all of Montgomery, for appellees.

The policy was incontestable after one year. Great West L. I. Co. v. Snavely, 206 Fed. 20, 124 C. C. A. 154, 46 L. R. A. (N. S.) 1056; Mutual Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860; Sov. Camp v. Adams, 204 Ala. 667, 86 South. 741.

McCLELLAN, J. The former appeal in the course of this litigation is reported in 206 Ala. 18, 89 South. 528. Since the court remains satisfied with the conclusions prevailing on that appeal, with respect to the major questions again reargued for appellant on the present appeal, it is not necessary to take further account of them, as, indeed, it is also unnecessary to repeat recitals there sufficiently made. The last trial was had on counts 4 and 6. The court gave the jury the general affirmative instruction, with hypothesis, in favor of plaintiffs.

[1, 2] Besides pleas seeking to bar recovery because the insured did not pay the higher rate applicable to members engaged in certain hazardous occupations—a regulation or exaction held on former appeal not binding this insured—the defendant interposed several pleas wherein it was, in substance, asserted, as upon provisions of sections of the constitution and laws of the order, that insured became suspended from membership in April, 1914, for his failure to punctually pay the March installment, and that he was never reinstated to membership, though paying April 18, 1914, the installment in default, because he omitted to give the certificate of good health required by the order; he being then in fact seriously diseased, and had been so advised by his physician. To such pleas, and in addition to general traverse of their averments, the plaintiff interposed special replications in which the following clause, in the original certificate of insurance "sued upon," issued in 1895, was set forth in avoidance of the matters asserted in such pleas:

"This certificate shall be incontestable after one year from date hereof, provided the Sovereign to whom issued has complied with all the requirements *hereon.*" (Italics supplied.)

The replications of this class aver compliance by insured with "all the requirements" exacted by the certificate. These replications, to such pleas, were not subject to the grounds of demurrer interposed. If, as the replications aver, the quoted "incontestable clause" was in the certificate issued by defendant to Alford in 1895, and upon which the beneficiaries now sue, and if, as the replications aver, the member complied "with all the requirements hereon" (the certificate), and if, as the replications aver, Alford lived and so complied more than one year after April, 1914, the defendant's right to contest liability on the certificate, on the grounds asserted in the class of pleas mentioned, was concluded by the "incontestable clause" quoted in the replications. If this incontestable clause in the original certificate issued to Alford in 1895 was subsequently effectually avoided, or legally annulled, it was the defendant's obligation to appropriately assert that fact. This it undertook to do through the following rejoinder, numbered 2:

"Defendant admits that said certificate contains the provisions set out in said replication, but says further that when said Alford was suspended as alleged in said plea the constitution of defendant, which is and constitutes a part of said certificate had been amended, and as amended contained the following provision: 'Section 68. When a beneficiary certificate has been in force for five consecutive years immediately preceding the death, while in good standing, of the member holding the same, the payment thereof shall not be contested on any ground other than that his death was intentionally caused by the beneficiary or beneficiaries, or by the hands of justice, or from the direct result of drinking intoxicating liquors or from the use of opiates, cocaine, chloral or other narcotic or poison, or shall due [die] while engaged in war except in defense of the United States of America.' Wherefore defendant says that the incontestable period of said certificate had been extended to five years and therefore the provision set out in said replication has no force and effect."

This ground of the demurrer to the rejoinder (2), if not others presently unnecessary to consider, justified the action of the court in sustaining the demurrer to that rejoinder:

"(7) Said rejoinder does not allege or show that said amendment [i. e. that quoted in the rejoinder] had or was intended to have any retroactive effect."

There is nothing in the amendment quoted in the rejoinder that indicates, much less affirms, an intent to eliminate from a theretofore existing certificate of insurance the "incontestable clause" set forth in the replications to which the rejoinder was addressed.

[3] The "incontestable clause," set up in avoidance of the matter in the pleas to which they were applicable, was indisputably sustained in the evidence. The court was thereupon justified in giving, in favor of plaintiffs, the general affirmative instruction requested by them. In such circumstances, numerous other rulings assigned for error could not have been prejudicial to defendant, and, hence, assignments of that class are not considered. Bienville Water Co. v. City of Mobile, 125 Ala. 178, 184, 27 South. 781; McConnell v. Free, 206 Ala. 83, 89 South. 170, among others.

The judgment is therefore affirmed.
Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. Application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.