(134 So. 488)

## PROTECTIVE LIFE INS. CO. v. THOMAS.
### 6 Div. 633.

Supreme Court of Alabama.
March 26, 1931.

Rehearing Denied May 21, 1931.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and H. A. & D. K. Jones, of Tuscaloosa, for appellant.

Livingston & Livingston, of Tuscaloosa, for appellee.

BROWN, J.

This is an action on a policy of life insurance issued by the defendant to the plaintiff's husband, naming the plaintiff as the beneficiary. The policy in question is what is commonly known as a 20-payment participating policy, and it is shown without dispute that 20 full premiums had been paid, the last payment being made on the 27th of October, 1927, converting the policy into a "paid up" policy, by which the defendant engaged to pay to the named beneficiary $5000 on due proof of the death of the insured.

The evidence is also without dispute that the insured died on the 11th day of January, 1929, and no point was made on the trial or here as to the sufficiency of the proof of loss.

On December 27, 1927, the insured, in accordance with the provisions of the policy, obtained a loan of $2,770 from the defendant, and executed a "loan certificate with assignment of policy and agreement as to interest," and paid the interest thereon in advance up to the next anniversary of the policy—October 27, 1928.

The loan certificate, which embodies an assignment of the policy to the defendant as collateral security for the loan, stipulates:

"First—That the said loan shall bear interest at the rate of six per cent. per annum, payable in advance, and that the interest payable at the time the said loan is made shall be for the period up to the next anniversary of the said policy, beginning with which anniversary the interest shall be payable annually, in advance, and that the said interest, unless duly paid, shall be added to the above loan and bear interest at the same rate and on the same conditions.

"Second—That any dividend declared on said policy may be applied by the Company toward the payment of said loan and any unpaid interest, anything to the contrary in the policy notwithstanding.

"Third—That if said policy shall lapse or become forfeited in any manner, the amount of said loan, with interest accumulated and accrued thereon, shall be deducted from any cash surrender value of the said policy, or the said loan with interest accumulated and accrued thereon shall operate to reduce the amount of any paid-up life or endowment policy, or to reduce the term of extended insurance guaranteed by the terms of said policy, in accordance with the rules of the Company.

"Fourth—That if said policy shall mature before said loan (with interest accumulated and accrued thereon) shall have been fully paid, the total amount thus due the Company shall be deducted from the amount otherwise payable by the Company.

"Fifth—That if the said loan with interest accumulated and accrued thereon at any time shall become equal to the cash surrender value on the said policy, the policy shall be forfeited or void, provided such loan, with the interest accumulated and accrued thereon, be not reduced to less than the said cash surrender value within one month *after notice to that effect* shall have been mailed by the Company to the last known address of the insured, of the person to whom the loan was made, and of the assignee of record at the home office of the Company, if any." (Italics supplied.)

Some thirty or more days before the 27th day of October, 1928, the defendant mailed to the insured a notice on a form usually issued to policyholders previous to the date premiums would mature, with the following written on the face thereof:

Interest on policy loan.$166.20 Due date of premium,
Deduct Dividend........ 48.00 27th day of Oct. 1928.

$118.20

On the reverse side of the notice was the following: "To the policyholder: According to the terms of your policy *the premium* referred to on the reverse side of this notice will be due on the date mentioned. If it is not paid by that time, or before, or within the extra time (grace period) which the policy allows you, you forfeit your rights and we cease to be liable *except as the policy provides.*" (Italics supplied.)

The evidence is without dispute that the interest on the loan, payable in advance on October 27, 1928, was not paid in full on said date or any time before the insured's death.

Appellant's major contention is that the failure of the insured to pay the interest ipso facto forfeited the policy, under the provisions of the fifth paragraph of the loan certificate, and that it was due the affirmative charge.

The appellee's contention, on the other hand, is that, under the provisions of the loan contract, notice in accordance therewith, after the loan, with the interest accumulated and accrued thereon, equaled the surrender value of the policy, and that the policy would be forfeited unless the loan was reduced within such value, was necessary to put in operation said provision of the contract, and, as no such notice was given, the policy continued in full force and was matured and payable, less the loan with interest, by the insured's death.

To sustain either of these contentions will cast the result of the litigation, and render immaterial all other questions presented on the record.

Forfeitures are looked upon by the courts with disfavor, and it is a rule of general application that stipulations in contracts intended to work a forfeiture of a conceded right will not only be strictly construed, but strict compliance therewith by the party claiming the forfeiture will be exacted. Mutual Reserve Fund Life Ass'n v. Hamlin, 139 U. S. 297, 11 S. Ct. 614, 35 L. Ed. 167; 6 R. C. L. 906, § 291; 13 C. J. 541, § 512; 3 Sup. R. C. L. 1855, § 291; Butler v. Cortner, 42 Idaho, 302, 246 P. 314; 32 C. J. 1304; Elberton Cotton Mills v. Indemnity Ins. Co. of N. A., 108 Conn. 707, 145 A. 33, 62 A. L. R. 926.

The judgment here is that the notice given in September, 1928, was not the notice required by the contract as an essential predicate to a forfeiture of the paid-up policy of insurance. At the time the notice was given no interest had accumulated or accrued on the loan, and there was no ground for stating that the interest accumulated and accrued equaled or exceeded the cash surrender value of the policy, and, if not paid within thirty days, the rights of the insured in his policy would be forfeited. The language of the notice dealt with premiums, and it is conceded that all of the premiums had been previously paid.

Taking the contract as a whole, the reasonable interpretation is that the notice contemplated was notice given after the loan, with interest accumulated and accrued, equaled the cash surrender value of the policy; that this was the condition of the loan, and, if it was not reduced within thirty days, the policy would be forfeited.

The clear purpose of the stipulation was to safeguard the insured against the pitfalls of forgetfulness and inattention, and to afford him an opportunity to prevent a forfeiture of his life insurance.

It is immaterial that the insured knew that the interest would become due on the next anniversary of the policy, and at that time (if this were in fact the case) the "loan with the interest accumulated and accrued thereon" would exceed the cash surrender value of the policy. The point is that the notice prescribed by the contract was an essential predicate to put in operation the forfeiture clause, and without said notice the insured's rights in the paid-up policy could not be destroyed without his consent based upon a valuable consideration. Great American Insurance Co. v. Dover, 219 Ala. 530, 122 So. 658.

If the defendant had accepted the insured's offer to cancel the policy at the due date of the interest, and paid to him the accrued dividend, this of course would have relieved it from liability. But this it did not do.

The plaintiff was entitled to the affirmative charge, and, if error intervened in the rulings complained of, it was without injury to defendant. Pritchett v. Pollock & Co., 82 Ala. 169, 2 So. 735; Brent v. Whittington, 214

Ala. 613, 108 So. 567; Sovereign Camp, W. O. W., v. Alford, 210 Ala. 378, 98 So. 130. Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.