Lawrence F. Gerald, of Clanton, and Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellant.

G. C. Walker, of Clanton, and Huddleston, Glover & Jones, of Wetumpka, for appellee.

159 So. 217

## MUTUAL BENEFIT LIFE INS. CO. v. CARTER.

### 5 Div. 182.

Supreme Court of Alabama.
Jan. 24, 1935.

Rehearing Denied Feb. 21, 1935.

ANDERSON, Chief Justice.

Under the nonforfeiture provisions of the policy—"within one month from default in premium payments"—the insured had the right of election to surrender the policy and receive its cash surrender value or a paid-up policy payable at his death; but in default of such election, the policy provides:

⊕⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

"* * * The insurance will be automatically extended from date of default in premium payments for a sum equal to the amount of the policy and existing dividend additions, if any, less any indebtedness to the company hereon. The cash surrender value will be equal to the entire reserve, less any indebtedness, on this policy. * * * The amount of the paid-up policy, or the term of the extended insurance, will be such as the amount of the cash surrender value will purchase at net single premium rates. The paid-up policy or the extended insurance will participate in surplus and will be entitled to cash surrender values equal to the reserve thereon at the time of surrender, less any indebtedness to the company thereon. Except as provided in this policy any default in premium payments will immediately render the policy null and void. * * * All calculations of reserves and net single premiums will be on the basis of the American Experience Mortality with interest at the rate of three per centum yearly, and according to the attained age of the insured."

The evidence shows that the insured defaulted in the payment of the premium due April 3, 1931, after he had procured a loan on the policy; that the insured did not surrender the policy and elect to accept its cash surrender value or a paid-up policy, and, in consequence, the indebtedness due on the policy was satisfied out of the reserve, and the insurance extended, as provided in the nonforfeiture provisions, to February 24, 1932, and the insured died on February 3, 1933, after the expiration of the extended insurance.

The loan on the policy—the indebtedness against it—being automatically discharged, the provision of the policy for thirty days' notice under the loan clause became inoperative, and the case is governed by the decision, Penn. Mut. Life Ins. Co. v. Fiquett, ante, p. 203, 155 So. 702, wherein the case of Protective Life Ins. Co. v. Thomas, 223 Ala. 106, 134 So. 488, was differentiated from the case in hand, as well as the present case.

The defendant was due the general charge and the trial court erred in refusing same as well as giving the general charge for the plaintiff.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.